IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERALD DEAN GODWIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv509-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Jerald Dean Godwin's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See* Docs. # 2 & 11.[1]

## I. INTRODUCTION

On March 17, 2010, Godwin pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). The bank robbery conviction served as the predicate "crime of violence" for Godwin's § 924(c) conviction. *See* Doc. # 16-1 at 2-3. After a sentencing hearing on June 3, 2010, the district court sentenced Godwin to 154 months in prison, consisting of 70 months on Count 1 and 84 months on Count 2, the terms to run consecutively. *See* Doc. # 16-5 at 2. Godwin did not appeal.

---

[1] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

On June 16, 2016, Godwin filed this § 2255 motion arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his bank robbery conviction cannot qualify as a predicate "crime of violence" for his § 924(c) conviction, and therefore his conviction and sentence under § 924(c) are invalid.[2] *See* Doc. # 2.

For the reasons that follow, the court finds that Godwin's § 2255 motion should be denied and this case dismissed with prejudice.

## II.   DISCUSSION

Title 18 § 924(c), United States Code, provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment.  And if, as here, the firearm is brandished during the crime, the consecutive sentence shall be "not less than 7 years."  18 U.S.C. § 924(c)(1)(A)(ii).

For purposes of § 924(c), a "crime of violence" is defined as a felony offense that:

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   … by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[2] On August 1, 2016, Godwin amended his motion to clarify his claims.  *See* Doc. # 11.

2

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the "§ 924(c)(3)(B) residual clause." *See In re Saint Fleur,* 824 F.3d 1337, 1339 (11th Cir. 2016).

A separate but similar sentencing provision, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[3] defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition, § 924(e)(2)(B)(i), is known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id.*

In *Johnson v. United States*, decided on June 26, 2015, the United States Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *See* 135 S.Ct. at 2557–59, 2563. Based on that holding, the Court concluded that "imposing an increased [ACCA] sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id.* at 2563. The Court also stated, "Today's decision does not call into question

---

[3] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) (by possessing a firearm as a convicted felon) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id*. at 2563.

In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016). In the wake of *Johnson* and *Welch*, inmates sentenced as armed career criminals based on prior convictions deemed "violent felonies" under the ACCA's residual clause could challenge their ACCA sentences through § 2255 motions.

*Johnson* did not address the definition of a crime of violence found in 18 U.S.C. § 924(c). However, Godwin argues that the holding in *Johnson* applies to § 924(c); that *Johnson* invalidates the "924(c)(3)(B) residual clause" (whose language is similar to that of the ACCA's unconstitutionally vague residual clause); and that 18 U.S.C. § 2113 bank robbery does not meet the definition of a crime of violence under the "use-of-force clause" in § 924(c)(3)(A). Thus he argues that his § 924(c) conviction, which relied on his bank robbery conviction as the predicate "crime of violence," cannot stand. *See* Docs. # 2 & 11.

Whether the holding in *Johnson* extends to the residual clause in § 924(c)(3)(B) is currently an open question in the Eleventh Circuit. Until recently, that question seemed to be settled by *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), where the Eleventh Circuit held that *Johnson* did not apply to § 924(c) and concluded expressly that "*Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause [i.e., the residual clause] in § 924(c)(3)(B)." 861 F.3d at 1265. On May 15, 2018, however, the Eleventh Circuit vacated its panel opinion in *Ovalles* and ordered that the case be reheard

4

en banc.  *Ovalles v. United States*, 889 F.3d 1259 (11th Cir. 2018); *see* Eleventh Circuit General Order No. 43, May 17, 2018.

That said, the Eleventh Circuit has stated: "Even assuming that *Johnson* invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense."  *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016).  The Eleventh Circuit has held that 18 U.S.C. § 2113 armed bank robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause.  *In re Hines*, 824 F.3d 1334, 1336–37 (11th Cir. 2016) ("[Petitioner's] § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'").  In *In re Sams*, 830 F.3d 1234 (11th Cir. 2016), the Eleventh Circuit expressly held that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause."  830 F.3d at 1239.

Because Eleventh Circuit precedent establishes that § 2113(a) bank robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause, Godwin's conviction and sentence under § 924(c) are still valid following *Johnson*, and Godwin's instant claim is foreclosed.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and his case DISMISSED WITH PREJUDICE.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **August 3, 2018.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of July, 2018.

       /s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE