IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JERALD DEAN GODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16cv509-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Petitioner Jerald Dean Godwin, a federal inmate, filed this lawsuit seeking habeas relief pursuant to 28 U.S.C. § 2255. He challenges his conviction and consecutive 84-month sentence for brandishing a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A). Specifically, he contends that § 924(c)'s residual clause is unconstitutionally vague. The magistrate judge recommended denying the writ petition and Godwin objected. Then, last week, the Supreme Court ruled that § 924(c)'s residual clause is unconstitutionally vague. *See United States v. Davis*, \_\_\_ U.S. \_\_\_, 2019

WL 2570623, at *13 (June 24, 2019). Now, to complete its review of the recommendation and objections, this court requires briefing on *Davis*'s impact on timeliness and procedural-bar issues, as well as an elements-clause issue.

***

Accordingly, it is ORDERED that, by July 10, 2019, the parties are to file detailed legal briefs concerning:

(1) Whether, in light of *Davis*, petitioner Jerald Dean Godwin's § 2255 motion is untimely and/or procedurally barred and should be therefore be denied;

(2) Whether, given that 18 U.S.C. § 2113(a) can be violated "by extortion," it is categorically broader than § 924(c)'s elements clause; and

(3) Any other issue(s) the parties wish to address in response to the petitioner's objections or in relation to *Davis*.

DONE, this the 27th day of June, 2018.

                        /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE