IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JERALD DEAN GODWIN, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:16cv509-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

OPINION AND ORDER

Petitioner Jerald Dean Godwin, a federal inmate, filed this lawsuit seeking habeas relief pursuant to 28 U.S.C. § 2255. He challenges his conviction and consecutive 84-month sentence for brandishing a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C § 924(c)(1)(A)(ii). The specific basis of his § 2255 motion is that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, the 2015 Supreme Court decision that struck down on vagueness grounds the similarly worded residual clause of the Armed Career Criminal Act (ACCA). 135 S. Ct. 2551, 2555-58, 2563 (2015). Three

years after Godwin filed his § 2255 motion, the Supreme Court proved him right: in *United States v. Davis*, the Court extended its ruling in *Johnson* and held that § 924(c)'s residual clause, like the ACCA's residual clause, is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019).

Although Godwin originally filed his motion based on *Johnson*, his petition is "best described as a *Davis* claim." *In re Hammoud*, 2019 WL 3296800, at *2 n.1 (11th Cir. July 23, 2019). To succeed on his *Davis* claim, he bears the burden of showing "that his § 924(c) conviction resulted from application of solely the residual clause," and not also the elements clause. *Id.* at 5 (citing *Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir 2017) (holding that § 2255 movants raising *Johnson* claims "must show that--more likely than not--it was use of the residual clause that led to the sentencing court's enhancement of [their] sentence."). In proving this, Godwin "may rely on the

2

relevant record and/or on legal precedent at the relevant time." *Weeks v. United States*, 2019 WL 3280186, at *8 (11th Cir. July 22, 2019).

To complete its review of the magistrate judge's recommendation to deny Godwin's § 2255 motion, this court requires briefing from both sides on whether he meets his burden of showing his § 924(c) conviction rested solely on the residual clause.

\*\*\*

Accordingly, it is ORDERED that, by August 9, 2019, the parties are to file detailed legal briefs concerning whether petitioner Jerald Dean Godwin's satisfies his burden under *Beeman* of proving that his § 924(c) conviction rested solely on the residual clause. The parties may submit additional evidence from the record of conviction in support of their briefs.

DONE, this the 30th day of July, 2019.

                                   /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**