IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JERALD DEAN GODWIN,           )
                              )
     Petitioner,              )
                              )        CIVIL ACTION NO.
     v.                       )        2:16cv509-MHT
                              )           (WO)
UNITED STATES OF AMERICA,     )
                              )
     Respondent.              )

OPINION

Petitioner Jerald Dean Godwin, a federal inmate, filed this lawsuit seeking habeas relief pursuant to 28 U.S.C. § 2255.  He challenges his conviction and 84-month sentence for brandishing a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The petition challenges this conviction as unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that Godwin's petition be denied.  Godwin objected to

the recommendation, and the parties have filed additional briefing ordered by the court. After an independent and de novo review of the record, the court concludes that Godwin's objections should be overruled and the magistrate judge's recommendation adopted, albeit for somewhat different reasons.

## I. BACKGROUND

In March 2010, Godwin pleaded guilty to both bank robbery, in violation of 18 U.S.C. § 2113(a), and brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A)(ii). The predicate "crime of violence" underlying the firearm-brandishing conviction was the bank robbery. The district court sentenced him to 70 months in prison for the bank robbery, plus a consecutive 84 months for the firearm conviction.

In June 2016, Godwin filed a motion requesting that his § 924(c) firearm conviction and sentence be vacated

based on the Supreme Court's decision in *Johnson*. The magistrate judge construed this motion as a motion to alter, amend or vacate the judgment pursuant to 28 U.S.C. § 2255. The magistrate judge recommended denying the petition and dismissing the case with prejudice. Godwin timely objected to the recommendation.

## II. DISCUSSION

Godwin challenges his conviction for violating § 924(c), a statute that criminalizes the use, carrying, possession, or brandishing of a firearm in connection with a "crime of violence."[1]

---

1. The statute provides for a mandatory-minimum sentence of five years' imprisonment consecutive to any other sentence upon conviction of using, carrying, or possessing a firearm "during and in relation to" or "in furtherance of" a "crime of violence." 18 U.S.C. § 924(c)(1)(A)(i) & (D)(ii). However, "if the firearm is brandished," the minimum sentence increases to seven years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii) & (D)(ii).

Section 924(c) defines a "crime of violence" as "an offense that is a felony and--"

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Subpart A is frequently referred to as the "elements clause" and subpart B the "residual clause." *See*, *e.g.*, *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).[2]

Godwin argues that his § 924(c) firearm conviction is invalid because the statute's residual clause is unconstitutionally vague in light of *Johnson*. *Johnson* involved a challenge to a sentence under a different statute, the Armed Career Criminal Act (ACCA), which

_____

2. The Eleventh Circuit Court of Appeals also has at times referred to the former clause as the "use-of-force" clause. *See*, *e.g.*, *In re Saint Fleur*, 824 F.3d 1337, 1339 (11th Cir. 2016).

establishes an enhanced mandatory-minimum sentence when a defendant convicted of being a prohibited person in possession of a firearm has three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). The ACCA defines the term "violent felony" in part as an offense that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added.) The Supreme Court held that the italicized phrase, referred to as the "residual clause," is unconstitutionally vague under the due process clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2555-2560, 2563.

Godwin contends that the Court's decision in *Johnson* renders unconstitutional the similarly worded residual clause in the definition of "crime of violence" in § 924(c), the statute criminalizing the

use, carrying, possession, or brandishing of a firearm during a crime of violence. Three years after Godwin filed his habeas petition, the Supreme Court agreed: In *United States v. Davis*, the Court extended its ruling in *Johnson* and held that § 924(c)'s residual clause, like the ACCA's residual clause, is unconstitutionally vague. 139 S. Ct. at 2325-2333, 2336.

Since *Davis* announced a new substantive rule, *see In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019), it applies retroactively to cases on collateral review, such as this one, *see Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (explaining that new substantive rules apply retroactively on collateral review); *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (concluding "that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."). The upshot is that Godwin's bank-robbery conviction does not qualify as a crime of

violence under § 924(c)'s residual clause, because *Davis* voided that clause for vagueness.

## A. § 924(c)'s Residual Clause

Still, the success of Godwin's residual-clause argument is not enough to invalidate his conviction for brandishing a firearm during a crime of violence. To succeed, he must show that "his § 924(c) conviction resulted from application of solely the residual clause." *Hammoud*, 931 F.3d at 1041 (citations omitted).

He may make this showing in two ways. First, he "may rely on the relevant record," *Weeks v. United States*, 930 F.3d 1263, 1273 (11th Cir. 2019), to show "that--more likely than not--it was use of the residual clause that" was the basis for the firearm conviction. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017). Godwin concedes that the record of proceedings in the trial court "is silent" as to whether his

7

conviction was based on the residual clause. Petitioner's Second Supplemental Brief (doc. no. 43) at 7-8. Nothing in the indictment, plea agreement, presentence investigation report, judgment, or transcripts suggests reliance on either the residual clause or the elements clause of § 924(c). Godwin's argument fails to this extent, for "[i]f it is just as likely that the sentencing court relied on the elements ... clause, solely or as an alternative basis for the [conviction]..., then the movant has failed to show that his [conviction] ... was due to use of the residual clause." *Beeman*, 871 F.3d at 1222.

Alternatively, to prevail, Godwin may rely "on legal precedent at the relevant time 'holding, or otherwise making obvious, that a violation [of the relevant ... criminal statute] qualified as a violent felony only under the residual clause.'" *Weeks*, 930 F.3d at 1273 (quoting *Beeman,* 871 F.3d at 1224). It must be kept in mind that the holding of a case is

quite narrow and fact-specific. *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("We have pointed out many times that regardless of what [our] court says in its opinion, the decision can hold nothing beyond the facts of that case." (citation and internal quotations omitted.)). Also, and critically, this inquiry is "a historical" one. *Beeman,* 871 F.3d at 1224 n. 5. "[I]f the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause."[3] *Id.* A later

---

3. Had Godwin challenged his § 924(c) firearm conviction on direct appeal, then the relevant time period would run not only through the time of sentencing, but also through the end of his appeal. *See Weeks*, 930 F.3d at 1275 ("Because the basis for the enhanced sentence did not become fixed until after the direct appeal, it is necessary in such a case to look to the record and binding precedent through the time of direct appeal to determine whether the claimant has shown 'that--more likely than not--it was use of the residual clause that led to the ... enhancement of his sentence.'"). Godwin, however, did not appeal his

decision about the law as it stands currently would "cast[] very little light" on the "question of historical fact." *Id.*

Godwin has failed to identify the required legal precedent. He was convicted in June 2010, and he has not identified any law, as of that date, "holding, or otherwise making obvious, that a violation [of the bank robbery statute under which he was convicted] qualified as a violent felony only under the residual clause." *Id.* at 1224.

## B. § 924(c)'s Elements Clause

Godwin nevertheless attempts to establish that his firearm-brandishing conviction rested on the residual clause by showing that his conviction could not rest on the elements clause. His argument is essentially that, because there are only two ways to establish a crime of

conviction or sentence, so the basis for his conviction became fixed at the end of his sentencing.

violence under § 924(c)--the elements clause and the residual clause--"disproving one is necessarily proof of the other." *Beeman,* 871 F.3d at 1230 (Williams, J., dissenting). Because Godwin's argument, although foreclosed by binding circuit law as shown later, has some plausibility, the court will set it forth in some detail.

To begin, it is helpful to understand the approach that applies when determining whether an offense constitutes a crime of violence under § 924(c) and similar statutes. Whether a particular offense constitutes a crime of violence under § 924(c)'s elements clause is a question of law that a court "must answer 'categorically'--that is, by reference to the elements of the offense, and not the actual facts of [a defendant's] conduct." *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013), *overruled on other grounds by Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc), *abrogated on other*

*grounds by Davis*, 139 S. Ct. at 2325-33. Accordingly, the question is whether a given statute of conviction "has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another." *McGuire*, 706 F.3d at 1336 (quoting 18 U.S.C. § 924(c)(3)(A)). "Only if the plausible applications of the statute of conviction *all require* the use or threatened use of force can [a defendant] be held guilty of a crime of violence" under the elements clause. *Id.* at 1337 (emphasis added).

Put differently, a conviction does not categorically qualify as crime of violence under § 924(c)'s elements clause if there is a "realistic probability" that the statute of conviction would apply to conduct that does not involve the use, attempted use, or threatened use of physical force. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)); *accord United States v. St. Hubert*, 909 F.3d 335, 350 (11th

Cir. 2018) (applying the "realistic probability" standard to the "crime of violence" determination under 18 U.S.C. § 924(c)(3)(A)), *cert. denied*, 139 S. Ct. 1394 (2019), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2324, 2336. To show a realistic probability, a defendant or petitioner generally "must at least point to his own case or other cases in which the ... courts in fact did apply the statute" without requiring the use, attempted use, or threatened use of physical force.[4] *St. Hubert*, 909 F.3d at 350 (internal quotation mark omitted) (quoting *United States v. Hill*, 832 F.3d 135, 140 (2d Cir. 2016) (quoting in part *Duenas-Alvarez*, 549 U.S. at 193)).

As noted earlier, Godwin was convicted of bank robbery under 18 U.S.C. § 2113(a), which establishes, in relevant part, that a defendant who "by force and

---

4. However, such a showing is unnecessary in those cases where the "statutory language itself" clearly creates the realistic probability. *Ramos v. U.S. Attn'y Gen.*, 709 F.3d 1066, 1071-72 (11th Cir. 2013).

violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank" is guilty of bank robbery.

Godwin makes two main arguments why there is a "realistic probability" that § 2113(a) would apply to conduct that does not, as required by the elements clause, involve the use, attempted use, or threatened use of physical force. First, he contends that such a realistic probability exists because bank robbery under § 2113(a) can be committed by extortion, which need not involve the use or threatened use of physical force. Second, he argues that § 924(c)'s elements clause requires a higher level of *mens rea* than that required for a § 2113(a) conviction.

## 1. Physical Force Argument

Godwin contends that, when a categorical analysis is applied, § 2113(a) does not have "as an element the use, attempted use, or threatened use of *physical force*," 18 U.S.C. § 924(c)(3)(A) (emphasis added), given that it can be committed by "by extortion," 18 U.S.C. § 2113(a).  To determine whether the phrase "by extortion" renders § 2113(a) categorically overbroad, the first step is to assess whether the statute is divisible between "by extortion" on the one hand, and "by force and violence, or intimidation" on the other.

### i.   Divisibility

Section 2113(a) is a disjunctively phrased statute, in that it criminalizes bank robbery "by force and violence, *or* by intimidation ... *or* ... by extortion." 18 U.S.C. § 2113(a) (emphasis added).  In *Mathis v. United States*, the Supreme Court explained how to conduct categorical analysis of criminal statutes with "disjunctive phrasing."  136 S. Ct. 2243, 2253 (2016).

15

Courts must start by determining whether the listed terms in an "alternatively phrased statute ... are elements or means." *Id.* at 2256. "Elements are the constituent parts of a crime's legal definition--the things the prosecution must prove to sustain a conviction." *Id.* at 2248 (internal quotation marks omitted). Means, on the other hand, are different factual methods of committing a single element of a crime. *See id.* at 2249.

A disjunctively phrased statute that lists alternative elements defines multiple crimes and is considered "divisible." *See id.* at 2248. When confronted with a divisible statute, the court may apply the "modified categorical approach" and examine certain documents from the record of conviction to determine the set of elements that applied in the defendant's conviction. *United States v. Gundy*, 842 F.3d 1156, 1162 (11th Cir. 2016) (citing *Mathis*, 136 S. Ct. at 2249). These elements are then used to

determine whether the conviction constituted a crime of violence under the elements clause of § 924(c).

By contrast, a statute listing "various factual means of committing a single offense ... is considered indivisible, and that indivisible set of elements will be the basis of the defendant's conviction." *Id.* (internal quotation marks omitted). If a statute's indivisible set of elements encompasses more criminal conduct than the elements clause of § 924(c), then a conviction under the statute does not qualify as a crime of violence under that clause.

*Mathis* outlined three tools for determining whether a statute's listed terms are elements or means--that is, whether the statute is divisible. First, "the statute on its face may resolve the issue." *Mathis*, 136 S. Ct. at 2256. For instance, if the "alternatives carry different punishments, ... they must be elements." *Id.* Second, courts may look at court decisions interpreting a disjunctively phrased statute.

*See id.* "If a precedential ... court decision makes clear that a statute's alternative phrasing simply lists alternative methods of committing one offense, such that a jury need not agree on which alternative method the defendant committed in order to sustain a conviction, then the statute is not divisible." *Gundy*, 842 F.3d at 1163 (internal quotation marks omitted) (quoting *Mathis*, 136 S. Ct. at 2256). If the first two tools "fail[] to provide clear answers," judges may "peek" at the record of conviction itself "for the sole and limited purpose of determining whether the listed items are elements of the offense." *Mathis*, 136 S. Ct. at 2256-57 (internal quotation marks and alterations omitted) (citation omitted).

As discussed below, while there is support for the opposite conclusion as well, there is significant support in caselaw, albeit from other circuits, for Godwin's position that § 2113(a) is not a crime of violence under § 924(c)'s elements clause because the

18

bank-robbery statute is not divisible between "by force and violence, or by intimidation" on the one hand, and "by extortion" on the other.

### ii.    "By extortion"

Section 2113(a) provides, in relevant part:

> "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank ...; or

> Whoever enters or attempts to enter any bank, ..., or any building used in whole or in part as a bank ..., with intent to commit in such bank ..., or part thereof, so used, any felony affecting such bank, ... and in violation of any statute of the United States, or any larceny—

> Shall be fined under this title or imprisoned not more than twenty years, or both."

18 U.S.C. § 2113(a).

The First, Third, Fourth, Sixth, and Seventh Circuit Courts of Appeals have all stated that § 2113(a) is comprised of two offenses: one is codified

19

in the first paragraph of § 2113(a)--which contains the disjunctive phrasing at issue here--and the other is codified in § 2113(a)'s second paragraph, which criminalizes entering a bank with the intent to commit a felony or any larceny therein. *See, e.g.*, *United States v. Williams*, 841 F.3d 656, 659 (4th Cir. 2016) ("As its text makes clear, subsection 2113(a) can be violated in two distinct ways: (1) *bank robbery*, which involves taking or attempting to take from a bank by force [and violence], intimidation, or extortion; and (2) *bank burglary*, which simply involves entry or attempted entry into a bank with the intent to commit a crime therein.") (quoting *United States v. Almeida*, 710 F.3d 437, 440 (1st Cir. 2013)); *United States v. Loniello*, 610 F.3d 488, 496 (7th Cir. 2010) (explaining that "§ 2113(a) creates two crimes," one defined in the first paragraph, and the other in the second paragraph); *see also United States v. Wilson*, 880 F.3d 80, 84 n.3 (3rd Cir. 2018) (accepting district court's

determination that "§ 2113(a) was a divisible statute because it contained two paragraphs, each containing a separate version of the crime"). By stating that § 2113(a) contains two offenses codified separately in the first and second paragraphs, these opinions thus suggest that § 2113(a) is divisible only between the first and second paragraphs.

Several opinions indicate more expressly that § 2113(a) is not further divisible within its first paragraph. For example, in *United States v. McBride*, the Sixth Circuit explained that "Section 2113(a) seems to contain a divisible set of elements, only some of which constitute violent felonies--taking property from a bank by force and violence, or intimidation, or extortion *on one hand* and entering a bank intending to commit any felony affecting it (*e.g.,* such as mortgage fraud) *on the other*." 826 F.3d 293, 296 (6th Cir. 2016) (emphasis added). The "on one hand ... on the other" structure of this sentence reflects the court's

21

view that § 2113(a) contains only two alternative offenses, each respectively codified in the first and second paragraphs, instead of the first paragraph being divisible into more offenses.

Even more explicitly, the Fourth Circuit in *Williams* repeatedly referred to a single "robbery element of force and violence, intimidation, or extortion," reinforcing the conclusion that the court interpreted those disjunctively listed terms to be different means of satisfying *one* element, rather than as alternative elements. 841 F.3d at 657-660, n.3. Similarly, an unpublished Third Circuit opinion also explicitly stated that the force and violence, intimidation or extortion alternatives comprised one single element: "The elements of the crime are: [1] taking or attempting to take, [2] anything of value, [3] by force and violence, by intimidation, or by extortion from a financial institution ...." *United States v. Lewis*, 720 Fed. App'x 111, 115 (3rd Cir.

2018) (unpublished) (internal quotation marks omitted) (quoting *United States v. Askari*, 140 F.3d 536, 548 (3d Cir. 1998) (en banc), *vacated and superseded on other grounds on reconsideration*, 159 F.3d 774 (3d Cir. 1998); *see also United States v. Ellison*, 866 F.3d 32, 36 n.2 (1st Cir. 2017) ("[T]he statute includes both 'by force and violence, or intimidation' and 'by extortion' as separate *means* of committing the offense." (emphasis added)).

The Ninth Circuit Court of Appeals stands alone as the only circuit court to conclude, in *United States v. Watson*, 881 F.3d 782, 786 (2018), that the first paragraph of § 2113(a) is divisible. There, the court rejected the contention that "§ 2113(a) prohibits one indivisible offense of bank robbery with three alternative means of committing it: (1) by force and violence; (2) by intimidation; or (3) by extortion." *Id.* Instead, the court held, § 2113(a) is divisible between "bank robbery and bank extortion." *Id.*

The Ninth Circuit's *Watson* decision does not explain its reasoning, instead simply providing a string citation to three authorities, none of which clearly supports *Watson*'s holding. The first authority cited is *United States v. Jennings*, 439 F.3d 604, 612 (9th Cir. 2006). Based on the pincite, the *Watson* court appears to be referring to the assertion in *Jennings* that § 2113(a) "covers not only individuals who take property from a bank 'by force and violence, or by intimidation,' ... but also those who obtain property from a bank by extortion and those who enter a bank with the intent to commit a felony therein." *Id*. (quoting 18 U.S.C. § 2113(a)). Yet the import of this phrasing is far from clear. The second authority cited in *Watson* also provides little support its holding. *United States v. Eaton*, 934 F.2d 1077, 1079 (9th Cir. 1991), merely states that "[b]ank robbery under section 2113(a) is defined, in relevant part, as taking 'by force and violence, or by intimidation ... or ... by

extortion' anything of value from the 'care, custody, control, management, or possession of, any bank ....'" *Id.* (quoting 18 U.S.C. § 2113(a)). It is not clear how this statement supports the conclusion that § 2113(a) is divisible between bank robbery by force and violence or intimidation on the one hand, and by extortion on the other. Indeed, one could read this statement as indicating that the single offense of "bank robbery" can be committed by the alternative means of force and violence, intimidation, or extortion.

The third cited source, Ninth Circuit jury instructions--in particular, "9th Cir. Crim. Jury Instr. 8.162"--do not support *Watson*'s holding that the first paragraph of § 2113(a) is divisible between bank robbery and bank extortion. *Watson*, 881 F.3d at 786. The instructions for bank robbery under 18 U.S.C. § 2113(a) & (d) set forth the following the "first element": "[First, the defendant, through force and violence or intimidation, [took] [obtained by

25

extortion] [[property] [money] [something of value]]
belonging to or in the care, custody, control,
management or possession of [*specify financial
institution*];]". 9th Cir. Crim. Jury Instr. 8.162
(2010 Edition, updated Sept. 2018).[5] It then sets forth
two more separate elements. *See* id. Far from
supporting *Watson*'s holding, the jury instructions, by
listing the disjunctive phrasing in the description of
the first "element," suggest that the alternative terms
are separate means of satisfying a single element.

In contrast with *Watson*, the other circuit court
opinions cited here point out that the text of
§ 2113(a) indicates that it is divisible between the
first and second paragraphs. *See, e.g.*, *Williams*, 841
F.3d at 659. The two separate paragraphs are most
naturally read to codify two separate offenses, with
the first paragraph setting forth alternative means of

---

5. *Watson* does not specify which edition of the
jury instructions it was referring to.

wrongfully acquiring property. As Judge Easterbrook explained in *Loniello*, the first and second paragraphs of § 2113(a) are "self-contained units," and, like in "many other criminal statutes," the "or" between the two paragraphs is meant to "group multiple offenses to show that the same penalty applies." 610 F.3d at 493; *see also id.* ("The form in § 2113(a) is 'Whoever does *x* [comprising elements 1, 2, 3, and 4] or *y* [comprising elements 4, 5, 6, and 6] shall be imprisoned not more than *z* years,' where each set of 4 elements describes a complete offense.").

Additionally, as Godwin argues, the history of § 2113(a) strongly suggests that Congress intended "by extortion" to be an alternative means of committing the single offense of bank robbery. Before 1986, § 2113(a) criminalized only taking property "by force and violence, or by intimidation," and contained no express reference to extortion. *See United States v. Cataldo*, 832 F.2d 869, 870 n.1 (5th Cir. 1987). Federal courts

interpreting this former version of § 2113(a) were "divided over the question whether this provision proscribed extortionate conduct--e.g., a perpetrator who, from a place outside the bank, threatens the family of a bank official in order to cause the bank official to remove money from the bank and deliver it to a specified location." H.R. Rep. No. 99-797, 32, 1986 U.S.C.C.A.N. 6138, 6155. Some had held that it could be prosecutd under § 2113(a), others held it could be prosecuted under the Hobbs Act, 18 U.S.C. § 1951, while still others held that either would be appropriate. *Id*. Explaining that "[e]xtortionate conduct is prosecutable under" the then-existing version of § 2113(a),[6] Congress amended the statute to add the extortion language simply for "clarification" that § 2113(a) was the exclusive statute "for

---

6. *See, e.g.*, *United States v. Golay*, 560 F.2d 866, 869 (8th Cir. 1977) ("Where the crime of bank robbery is committed by extortionate means, as was the case here, we feel it would be appropriate to convict" under the Federal Bank Robbery Act).

prosecuting extortionate activity involving the obtaining of bank monies," and to overrule those courts that had held that it was prosecutable only under the Hobbs Act or under both statutes. *Id.* at 32-33, 6155-56. According to the legislative history, Congress added the "by extortion" language to § 2113(a), not to create a new offense, but to make clear that the § 2113(a) is the appropriate statute under which to prosecute bank robbery by extortion. As summarized by the Fifth Circuit, "Congress amended § 2113(a) to include a clause that expressly brings bank robbery by extortionate *means* within the coverage of section 2113(a)." *Cataldo*, 832 F.2d at 870 n.1 (emphasis added). For the foregoing reasons, there is a strong argument that "by extortion" is a means of committing, rather than an element of, bank robbery, and accordingly, that the first paragraph of § 2113(a) is not divisible.

Assuming the first paragraph of § 2113(a) is not divisible, it would serve as "the basis of [Godwin's] conviction." *Gundy*, 842 F.3d at 1162. Godwin's conviction would not qualify as a crime of violence under § 924(c)'s elements clause if there were a "realistic probability," *Duenas-Alvarez, 549 U.S. at 193*, that a defendant could be convicted under § 2113(a) even though his crime did not involve "the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c). If extortion were treated as a means rather than an element in § 2113(a), it appears, there could be such a realistic possibility.

Section 2113(a) does not define "extortion." The legislative history for the 1986 amendment to the statute adding the extortion language offers the following definition: "The term 'extortion' as used in 18 U.S.C. 2113(a) means obtaining property from another person, without the other person's consent, induced by

the wrongful use of actual or threatened force, violence, or fear."). H.R. REP. 99-797, 33, 1986 U.S.C.C.A.N. 6138, 6156. This is almost identical to the definition of "extortion" codified in the Hobbs Act, 18 U.S.C. § 1951. *See* 18 U.S.C § 1951(b)(2) ("The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."). The Eleventh Circuit Court of Appeals has held that "[f]ear of economic loss is a type of fear within the purview" of extortion under § 1951. *United States v. Haimowitz*, 725 F.2d 1561, 1572 (11th Cir. 1984) (citations omitted); *see also United States v. Gerald*, 624 F.2d 1291, 1299 (5th Cir. 1980) (affirming conviction for attempted extortion under 18 U.S.C. § 1951 based on defendant's exploitation of victim's "fear of economic loss"). Because the term "extortion" as defined in the Hobbs Act encompasses fear of economic loss, robbery by

extortion could be committed without the use, attempted use, or threatened use of physical force.  Thus, if the first paragraph of § 2133(a) is not divisible into robbery by force and violence or intimidation and robbery by extortion,  it would seem to be categorically broader than § 924(c)'s physical-force requirement.

If, in the alternative, the generic definition of extortion were applied to § 2113(a), the result would appear to be the same.  In interpreting other federal statutes that similarly leave the term undefined, the Supreme Court has filled this gap by defining "generic" extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear or threats."  *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409-410 (2003) (defining "extortion" for RICO purposes) (citing *United States v. Nardello*, 393 U.S. 286, 290, 296 (1969) (defining "extortion" for the Travel Act)); *see also United*

*States v. Montiel-Cortes*, 849 F.3d 221, 228 (5th Cir. 2017) ("The generic, contemporary definition of extortion is "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 n.2 (11th Cir. 2004) (using the same definition for conduct "capable of being generically classified as extortionate") (citing *Scheidler*, 537 U.S. at 409-410). Just as the Supreme Court has long applied its generic definition of extortion to fill gaps in other federal statutes, this same generic definition could be applied to § 2113(a).

The Supreme Court's definition of generic extortion encompasses criminal conduct that does not involve "the use, attempted use, or threatened use of physical force against the person or property of another." For example, in *Nardello*, the Court squarely held that extortion encompasses obtaining money through "threats to expose alleged homosexual conduct." 393 U.S. at

295-96 (defining generic extortion and holding that the "indictment encompasses a type of activity generally known as extortionate since money was to be obtained from the victim by virtue of fear and threats of exposure").  Thus, if the generic definition of extortion applies to § 2113(a), and the first paragraph of § 2113(a) is not divisible, a conviction under § 2113(a) arguably would not constitute a crime of violence under § 924(c).

***

To summarize, whether a § 2113(a) bank-robbery conviction categorically qualifies as a crime of violence under § 924(c)'s elements clause depends on whether § 2113(a) is divisible into separate offenses of bank robbery by extortion and bank robbery by force and violence or intimidation.  There is a serious argument that it is not divisible in this way, and, accordingly, that the offense does not constitute a crime of violence under § 924(c)'s elements clause.

## 2. *Mens Rea* Argument

Godwin also contends that his bank-robbery conviction does not categorically meet the elements clause's definition of a crime of violence because the *mens rea* requirement for the elements clause is higher than the *mens rea* required for a bank-robbery conviction by intimidation under § 2113(a). Convictions for offenses satisfied by the *negligent* or *accidental* use, attempted use, or threatened use of force do not qualify as crimes of violence under § 924(c)'s elements clause. *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (interpreting the identically worded elements clause in 18 U.S.C. § 16(a), which defines the term "crime of violence" for a variety of criminal and noncriminal statutes). In *Leocal*, the Supreme Court held that the "use" of force requires "active employment" rather than "negligent or merely accidental conduct." *Id.* at 9, 10. The Eleventh

Circuit has applied *Leocal*'s *mens rea* requirement for
§ 16(a)'s elements clause to the identically worded
elements clause in § 924(c), which is at issue here.
*See McGuire*, 706 F.3d at 1337-38 (concluding that
offense of attempting to disable an aircraft with
people on board satisfied the elements clause of
§ 924(c) because it "involves an 'active crime' done
'intentionally' against the property of another, with
extreme and manifest indifference to the owner of that
property and the wellbeing of the passengers") (citing
*Leocal*, 543 U.S. at 7, 9).

While *Leocal* and *McGuire* make clear that negligent
or accidental conduct does not satisfy § 924(c)'s
elements clause, it remains unsettled whether the
minimum required *mens rea* for an offense to qualify as
a crime of violence is either knowing or reckless.[7] *See*

---

7. The key difference between reckless and knowing
is that the former requires that one "consciously
disregard a substantial risk that the conduct will
cause harm to another," whereas the latter requires

*United States v. Castleman*, 572 U.S. 157, 169 n.8 (2014) ("*Leocal* reserved the question whether a reckless application of force could constitute 'use' of force."). Existing caselaw points in both directions.[8]

In any case, Godwin argues that there is a "realistic probability" that a defendant in the Eleventh Circuit could be convicted of § 2113(a) bank

---

that one be "aware that harm is practically certain." *Voisine v. United States*, 136 S. Ct. 2272, 2278 (2016) (internal quotation marks, alterations, and citations omitted).

8. *Compare Voisine*, 136 S. Ct. at 2276 (holding that a reckless *mens rea* satisfies the elements clause of the definition of a "misdemeanor crime of domestic violence," which is similarly worded to § 924(c)'s elements clause), with *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010) (concluding that "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement" of the elements clause in "crime of violence" definition applicable to § 2L1.2 of the United States Sentencing Guidelines, which is nearly identical to § 924(c)'s). *See also Castleman*, 572 U.S. at 169 n.8 (noting that the "Courts of Appeals have almost uniformly held that" a reckless application of force is not sufficient to constitute a "use" of force, and citing cases).

robbery by intimidation for *negligently* using or threatening to use force, which would fail to satisfy either a reckless or a knowing *mens rea* requirement.

Section 2113(a) does not explicitly state the *mens rea* that it requires for conviction. Nevertheless, in 2000, the Supreme Court interpreted § 2113(a) to require "general intent—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime"--in that case, the "taking of property of another by force and violence or intimidation." *Carter v. United States*, 530 U.S. 255, 268 (2000). Some subsequent appellate court decisions--including *United States v. Horsting*, an unpublished opinion by the Eleventh Circuit--have interpreted *Carter*'s holding to mean that the government must prove that the defendant both "knowingly took ... property" *and* "knew his actions were objectively intimidating." 678 Fed. App'x 947, 950 (11th Cir. 2017) (unpublished); *see also United States v. McNeal*, 818 F.3d 141, 155 (4th Cir.

2016). Yet, Godwin argues, in several other post-*Carter* cases from within the Eleventh Circuit, courts did not require evidence that the defendant *knew* his actions were objectively intimidating; instead it required only that his actions were objectively intimidating. *See, e.g., United States v. McCree*, 2006 WL 3709611, at *4 (N.D. Ga. 2006) (Duffey, Jr., J.) (holding that the defendant's belief that his conduct was not intimidating was legally "irrelevant" to resolving whether he could be convicted for bank robbery by intimidation under § 2113(a)), *affirmed*, 225 Fed. App'x 860, 862-63 (11th Cir. 2007) (unpublished) ("Whether a particular act constitutes intimidation is viewed objectively, and a defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating." (citation omitted)); *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (explaining that under § 2113(a), "intimidation occurs when an ordinary person in the teller's position

reasonably could infer a threat of bodily harm from the defendant's acts," and accordingly rejecting defendant's contention that his lack of intent to intimidate could have resulted in conviction for a lesser offense than § 2113(a) (internal quotation marks and citations omitted)); *United States v. Kelley*, 412 F.3d 1240, 1244-46 (11th Cir. 2005) (holding that there was sufficient evidence to satisfy the intimidation element of § 2113(a), because "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." (citation omitted)).

Importantly, as the Supreme Court clarified in *Elonis v. United States*, 575 U.S. 723, ___, 35 S. Ct. 2001, 2011-12 (2015), the type of reasonable-person inquiry applied in these cases is equivalent to a negligence standard.[9] *Elonis* involved a federal statute

_____

9. A person "acts negligently with respect to a material element of an offense"--such as

40

criminalizing "any communication containing any threat ... to injure the person of another." *Id.* at 2004 (quoting 18 U.S.C. § 875(c)). The Court held that liability under the statute could not "turn on whether a 'reasonable person' regards the communication as a threat--regardless of what the defendant thinks" because that would unacceptably "reduce[] culpability on the all-important element of the crime to negligence." *Id.* at 2011 (citations omitted). The courts in § 2113(a) cases cited by Godwin arguably have applied just such a negligence standard. Therefore, Godwin has raised a serious question as to whether in the Eleventh Circuit, there is a "realistic

intimidation--"when he *should be aware* of a substantial and unjustifiable risk that the material element"--here, intimidation--"exists or will result from his conduct." Model Penal Code § 2.02(2)(d) (emphasis added). The basic distinction between recklessness and negligence is that "[a]n actor is criminally negligent when he should have been aware of the risk but was not, while recklessness requires that the defendant actually be aware of the risk but disregard it." *People v. Hall*, 999 P.2d 207, 219-20 (Col. 2000) (citation omitted).

probability" of being convicted under § 2113(a) for negligent or accidental conduct. *Pierre*, 879 F.3d at 1252.

### 3. *Sams* and *Beeson* Decisions

As shown above, Godwin's arguments on these issues are far from frivolous, and deserve careful consideration. However, such consideration is foreclosed by the Eleventh Circuit's opinion in *In re Sams*, which held that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the" elements clause. 830 F.3d 1234, 1239 (11th Cir. 2016). *Sams* does not at all address the extortion or *mens rea* issues raised here by Godwin. The appeal was decided on an application for leave to file a second or successive habeas petition filed by a *pro se* prisoner on an expedited, 30-day timeline, *see* 28 U.S.C. § 2244(b)(3)(D); *In re Williams*, 898 F.3d 1098, 1104

42

(11th Cir. 2018) (Wilson, J., specially concurring) (raising concerns with treating decisions on such applications as binding precedent due to "serious limitations in the decision-making process"), and the *pro se* petitioner likely was not sophisticated enough to raise the complex issues Godwin's counsel has raised here.

In deciding that § 2113(a) bank robbery constitutes a crime of violence, the *Sams* court relied on its prior holdings that *armed* bank robbery and armed carjacking constitute crimes of violence. *See Sams*, 830 F.3d at 1238-39 (citing *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) and *United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1994)). However, the determination that bank robbery satisfies the elements clause does not necessarily follow from the conclusion that *armed* bank robbery does, given that armed bank robbery requires proof of the additional element that the defendant, "in committing, or attempting to commit" a

bank robbery under § 2113(a) "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). The *Hines* court explicitly took into account this additional requirement in § 2113(d) in holding that *armed* bank robbery satisfies the elements clause. *See Hines*, 824 F.3d at 1337. Thus, the *Sams* court's reliance on *Hines* to conclude that § 2113(a) is categorically a crime of violence seems misplaced.

*Moore*, in which the Eleventh Circuit found that armed carjacking is a crime of violence under § 924(c), offers little more support for the court's conclusion. *Sams* cites *Moore* for its statement that, "'Tak[ing] or attempt[ing] to take by force and violence or by intimidation,' 18 U.S.C. § 2119, encompasses 'the use, attempted use, or threatened use of physical force....' 18 U.S.C. § 924(c)(3)(A)." *Moore*, 43 F.3d at 572-73. However, the *Moore* court offered no explanation or support for this critical conclusion. Instead, it

merely pointed to the now-defunct residual clause definition of a crime of violence to back up its position. *See Moore*, 43 F.3d at 573 ("Moreover, the defendant need not have engaged in actual violence in order for the predicate offense to be a crime of violence under section 924(c)(1). The offense is a crime of violence if it 'by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense.' 18 U.S.C. § 924(c)(3)(B).") *Sams* goes on to note that other circuits have concluded that § 2113(a) is crime of violence under § 924(c)'s elements clause. However, none of those decisions addressed the extortion and *mens rea* issues raised by Godwin here.[10]

---

10. One of the cases, *United States v. McNeal*, did address an argument that "bank robbery by 'intimidation' is not a crime of violence under the force clause of § 924(c)(3) because ... bank robbery can be committed by recklessly engaging in intimidation." 818 F.3d 141, 155 (4th Cir. 2016). However, unlike here, the *McNeal* court was not presented with, and accordingly did not address, the

Despite these misgivings, this court is bound to follow *Sams*. *See St. Hubert*, 909 F.3d at 346. Thus, the court must conclude that Godwin's § 2113(a) bank-robbery conviction qualifies as a crime of violence under § 924(c)'s elements clause.

In any case, even if *Sams* had reached the opposite conclusion, Godwin's petition would be precluded by *Beeman*. As discussed earlier, *Beeman* requires a petitioner to show, by pointing to the record in his case or to clear law in existence *at the time he was sentenced* (of if he appealed, through the time of his appeals), that he could not have been convicted under the elements clause and that he must have been convicted solely under the residual clause. *Beeman,*

_____

Eleventh Circuit cases cited by Godwin as evidence of a reasonable probability of being convicted under § 2113(a) with a *mens rea* of only negligence.

871 F.3d at 1222.  Because the *Sams* decision postdates Godwin's sentencing, it could not have changed the outcome here.  Moreover, Godwin has not otherwise shown the necessary clear law at the time of his sentencing.

Accordingly, the court will adopt the report and recommendation that the petition be denied, but for the reasons stated here.  An appropriate judgment will be entered.

DONE, this the 28th day of February, 2020.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**